Tod, J.
I concur with the Chief Justice most fully, for the reasons he has given, on all the points except one; that of the recognisances.
It was of the strictest and severest law to hold that Coates, the justice, was liable to the penalty,' for a mistake, in supposing that the fee of tvyenty-five cents, given by the act of the 17th of March, 1806, was hot taken away afterwards by an implied repeal only. Nevertheless, it was law.
* But when the court below charged the jury that the justice was entitled to but one fee of twenty cents for one recognisance of the defendant and his surety, and one fee of twenty cents for one recognisance of the prosecutor and his witness; that, is, that the justice had no authority to take separate recognisances from the defendant and his bail* and charge for each, or separate recognisances from the prosecutor and his witnesses; and charge.foreach, there the court, .in my opinion, was manifestly wrong. The fee bill gives to the justice for “ taking recognisance in any criminal ease, and returning the same to court, twenty cents,” The *82 charge to the jury on this point was, “ that as the hearing of the parties arid witness, and the binding-over before the justice took place at one and the-same time, the defendant, Coates, was only entitled, at most, to two fees of twenty cents for two recognisances, viz. one fee of twenty cents for one recognisance, of the prosecutor and his witness or witnesses, and one fee of twenty cents for one recognisance of the defendant before him, and his surety or bail.” Now, I take it, this is not the law: it is a great mistake, that the prosecutor and all the witnesses are to be bound over in spite of- them, for the appearance of all at court; for this must be the inevitable effect of a joint recognisance’. As to binding the principal jointly with his bail, such may have been the practice of some magistrates,, but I am not avvare of it. I have taken some pains to effect a search among the records of one of 1he courts in this city, and am informed, no trace can be found of a joint, suit in such case. In those parts of the country where I have had an opportunity of seeing the practice, the suits have been invariably separate, which, it is believed, never could be upon a joint recognisance. Nor have I .been able to find any precedent of any-such joint recognisance in the books of forms. A practice of taking such joint recognisance in criminal cases, might be very inconvenient. To say nothing of the event of the death of the bail, who is usually the only person relied on, suppose the principal to be a man of substance, and after forfeiture, to die; would not the whole burden be thrown off his estate, and survive against the surety? The charge being in this part erroneous, in my apprehension, I am for reversing the judgment.
Judgment affirmed..